UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA REED,

        Plaintiff,

  v.                                  CAUSE NO. 3:22-CV-361-DRL-JEM

C. ROBERTS *et al.*,

        Defendants.

## OPINION AND ORDER

Joshua Reed, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Reed, who is currently incarcerated at the Wabash Valley Correctional Facility, alleges he was subjected to excessive force while housed at the Miami Correctional Facility on December 4, 2020. Specifically, he claims Sgt. C. Roberts "unnecessarily used chemical spray" on him while he was handcuffed in his cell. ECF 1 at 3. Officer Gadd then yanked his arms—which were cuffed behind his back—through the cuff-port of his cell using a lead strap, which caused injury to his shoulder, arm, and wrist. He says

Officer Gadd did this "out of anger not to uncuff me but to cause me pain and suffering maliciously." *Id*. at 4. Afterwards, instead of taking him to wash the chemical spray off his face and body or get care for his arm injury, Sgt. Roberts and Officers Gadd, Bass, Learoue, and Sizemore "left [him] in the cell covered with chemical agent until [his] skin burnt off." *Id*. He says the officers purposefully acted in a "malicious and sadistic" manner when they denied him a mandatory decontamination shower. *Id*.[1]

Additionally, Mr. Reed claims Commissioner Carter and Warden Hyatt created a "policy which allowed both Sgt. Roberts and Officer Gadd to assault [him]." *Id*. He states they "failed to train the staff not to use chemicals on someone in cuffs and how to use the lead strap." *Id*. He seeks compensatory and punitive damages from all defendants and a change in policy.

The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the

---

[1] Mr. Reed also states he was "denied medical attention" by Nurse Ashley on the day of the incident, but he does not provide any additional details as to the alleged lack of care by Nurse Ashley. Without more, it is not plausible to infer Nurse Ashley was responsible for the decision to leave him in his cell; in fact, he does not allege he was ever transferred to medical or interacted with Nurse Ashley in any way. ECF 1 at 3. He further claims he was denied medical care for his arm and shoulder for the "next two and a half (2 ½) months," but he provides zero details to support that assertion. Therefore, he has not stated any plausible claims against Nurse Ashley, and she will be dismissed from this lawsuit. *See e.g. Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content).

2

safety of inmates and prison staff" can be involved. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019) (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Here, Mr. Reed claims Sgt. Roberts unnecessarily sprayed him with chemical spray while he was handcuffed in his cell. He further claims Officer Gadd yanked his hands through the cuff-port using a lead strap for the sole purpose of causing him harm. Though the factual allegations are sparse and later investigation may reveal that both officers had legitimate reasons for using force on Mr. Reed—giving him the benefit of the inferences to which he is entitled at this stage—he has stated Eighth Amendment excessive force claims against Sgt. Roberts and Officer Gadd.

Mr. Reed also alleges various officers were deliberately indifferent to his needs following the incident. In evaluating an Eighth Amendment deliberate indifference claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

3

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

Here, Mr. Reed alleges Sgt. Roberts and Officers Gadd, Bass, Learoue, and Sizemore purposefully denied him a decontamination shower and left him in his cell while the chemicals burned the skin off his face and back. Again, although the factual allegations are sparse, Mr. Reed will be given the benefit of the inferences to which he is entitled, and he will be allowed to proceed against these individuals on Eighth Amendment deliberate indifference claims.

Finally, Mr. Reed has sued Commissioner Carter and Warden Hyatt. He does not allege they were personally involved in the incident, and these officials cannot be held liable simply because they oversee the operations of the prison or supervises other correctional officers. *See J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (officials cannot be held liable simply because they hold supervisory positions); *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and defendants cannot be held liable for the misdeeds of other staff).

To the extent Mr. Reed is claiming the Warden and Commissioner Carter are liable under a *Monell* type theory based on a policy that allowed Sgt. Roberts and Officer Gadd to assault him, he has not plausibly identified such a policy or provided sufficient details to support these assertions. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). In fact, Mr. Reed suggests the officers went "rogue" when they acted to harm him, which militates strongly against the assertion that a policy encouraging excessive force exists. He does mention that the staff was not trained to refrain from using chemicals or shown how to use a lead strap, but—even putting aside the sparsity of these allegations—"in the Eighth Amendment context, such [failure to train] claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001)). Neither Commissioner Carter nor Warden Hyatt are municipalities in either their individual or official capacities, so Mr. Reed hasn't stated any plausible claims against them.

For these reasons, the court:

(1) GRANTS Joshua Reed leave to proceed against Sgt. C. Roberts in her individual capacity for compensatory and punitive damages for subjecting him to excessive force on December 4, 2020, when she deployed chemical spray into his cell while he was handcuffed in violation of the Eighth Amendment;

(2) GRANTS Joshua Reed leave to proceed against Officer Gadd in his individual capacity for compensatory and punitive damages for subjecting him to excessive force on

December 4, 2020, when he yanked his arms through the cuff-port using a lead strip while he was handcuffed in violation of the Eighth Amendment;

(3) GRANTS Joshua Reed leave to proceed against Sgt. C. Roberts and Officers Gadd, Bass, Learoue, and Sizemore in their individual capacities for compensatory and punitive damages for being deliberately indifferent by denying him a decontamination shower and leaving him in his cell after being exposed to chemical spray which caused the skin on his face and back to burn off on December 4, 2020, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Nurse Ashley, Warden Hyatt, and Commissioner Robert Carter;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. C. Roberts and Officers Gadd, Bass, Learoue, and Sizemore at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. C. Roberts and Officers Gadd, Bass, Learoue, and Sizemore to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 27, 2023                           *s/ Damon R. Leichty*
                                                       Judge, United States District Court